[Cite as *Cleveland v. Jones*, 2019-Ohio-1525.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,      :

    Plaintiff-Appellee,      :

                       No. 107257

    v.      :

DONTE E. JONES,      :

    Defendant-Appellant.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 25, 2019

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2016-TRC-000234

---

### *Appearances:*

Mark A. Stanton, Public Defender, Paul Kuzmins and David Martin King, Assistant Public Defenders, *for appellant.*

Barbara A. Langhenry, Law Director, and Michael S. Kan, Assistant City Prosecutor, *for appellee.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Donte Jones appeals from a judgment of the Cleveland Municipal Court that convicted him of OVI. He claims the trial court erred in denying his motion to suppress. For the following reasons, we affirm the trial court's judgment.

{¶ 2} On January 1, 2016, around 4:30 a.m., Trooper Timothy Kay stopped Jones's vehicle after observing him driving erratically — Jones's vehicle approached the trooper's vehicle from behind at a high rate of speed, and Trooper Kay testified that a near-collision was avoided at the last minute. Jones's speech was slow and slurred and his eyes glassy and bloodshot, and the trooper also detected an odor of alcohol emitting from inside the vehicle. Trooper Kay asked Jones to step out of his vehicle and then conducted field sobriety tests on Jones. Jones performed poorly on the tests, and Trooper Kay placed him under arrest for OVI.

{¶ 3} Jones received a citation for driving under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a), and another citation for refusing to take a breath test in violation of R.C. 4511.19(A)(2)(b). In addition, Jones was cited for driving under suspension in violation of R.C. 4510.11 and for following another vehicle too closely in violation of R.C. 4511.34 ("Space between moving vehicles"). Marijuana was found in his vehicle during the subsequent administrative inventory of the vehicle, and Jones was also charged with possession of marijuana.

{¶ 4} Jones filed a motion to suppress. The court conducted a hearing and denied the motion to suppress. On the day of trial, Jones entered a no contest plea to OVI and the prosecutor dismissed the remaining counts.

**Claims on Appeal and Standard of Review**

{¶ 5} On appeal, Jones raises three assignments of error:

I.  The trial court erred in denying defendant's motion to suppress because the arresting officer lacked probable cause to stop defendant.

II. The trial court erred in denying Mr. Jones'[s] motion to suppress because the arresting officer did not have reasonable, articulable suspicion that Mr. Jones was intoxicated sufficient to subject him to sobriety tests.

III. The trial court erred in denying Mr. Jones'[s] motion to suppress because the arresting officer did not have sufficient evidence that Mr. Jones had been operating a vehicle while intoxicated, and therefore did not have probable cause for the warrantless arrest.

{¶ 6} The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures lacking probable cause. The prohibition applies to the stopping of motor vehicles and the seizing of its occupants. *Cleveland Hts. v. Brisbane*, 2016-Ohio-4564, 70 N.E.3d 52, ¶ 14 (8th Dist.), citing *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), paragraph two of the syllabus.

{¶ 7} On appeal, Jones argues the trial court should have granted his motion to suppress because the trooper lacked probable cause to stop his vehicle, did not have reasonable suspicion to subject him to the field sobriety tests, and lacked probable cause to arrest him without a warrant.

{¶ 8} An appellate review of a motion to suppress presents a mixed question of law and fact; we accept the trial court's findings of fact if they are supported by competent, credible evidence but must independently determine whether the facts satisfy the applicable legal standard. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "[W]hen there is substantial evidence to support the factual findings of the trial court, the decision on the motion to suppress will not be disturbed on appeal absent an error of law." *State v. Bates*,

8th Dist. Cuyahoga No. 92323, 2009-Ohio-5819, ¶ 36, citing *State v. DePew*, 38 Ohio St.3d 275, 528 N.E.2d 542 (1988).

**The Trooper's Testimony at the Suppression Hearing**

{¶ 9} Trooper Kay, a seven-year veteran of the Ohio State Highway Patrol, testified that on January 1, 2016, around 4:30 a.m., as he was ending his shift and driving back to his patrol post, he spotted in his rearview mirror a vehicle travelling at a high rate of speed toward him. At the time, Trooper Kay was travelling westbound in the center lane on Interstate 90 West, close to the Interstate 77 South interchange. At the last second, the other vehicle veered to the right. Once the vehicle changed to the right lane, it slowed down and passed the trooper's vehicle on the right. The trooper followed the vehicle as it merged onto Interstate 77 and then proceeded to exit off the Woodland Avenue exit. The trooper initiated a traffic stop at this point. The driver — later identified as Jones — had a "dazed" look. He searched his pockets but was unable to provide his driver's license. His speech was "slow and slurred." There was a moderate odor of alcohol emitting from inside the vehicle. Based on these indicators of impairment, including his demeanor, the trooper asked Jones to step outside the vehicle so that he could ask him to perform field sobriety tests to determine if he was driving under the influence of alcohol. When Jones stepped outside the vehicle, the trooper detected the odor of alcohol coming from his person. The trooper then asked Jones to perform the field sobriety tests.

{¶ 10} Our review of the hearing transcript reflects that the trooper's testimony was limited to the circumstances surrounding the traffic stop. He was not asked to provide testimony about the field sobriety tests or the subsequent arrest. In the state's brief opposing Jones's motion to suppress, the state noted he performed poorly on the field sobriety tests: six out of six clues for intoxication on the "HGN" test were observed, and two clues for intoxication on the "VGN" test were observed.

**Probable Cause for the Traffic Stop**

{¶ 11} Under the first assignment of error, Jones claims the trial court erred in denying his motion to suppress because the arresting officer lacked probable cause to stop his vehicle

{¶ 12} In *Dayton v. Erickson*, 76 Ohio St.3d 3, 665 N.E.2d 1091 (1996), the Supreme Court of Ohio held that "a traffic stop based upon probable cause is not unreasonable, and that an officer who makes a traffic stop based on probable cause acts in an objectively reasonable manner." *Id.* at 11. Furthermore, pursuant to *Erickson*, a police officer may stop a motorist upon his observation that the vehicle violated a traffic law. In addition, the court in *Erickson* held that

> [w]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity.

*Erickson* at syllabus.  In other words, "[a] police officer may effect a traffic stop of any motorist for any traffic infraction, even if the officer's true motive is to detect more extensive criminal conduct." *State v. Bennett*, 8th Dist. Cuyahoga No. 86962, 2006-Ohio-4274.  Moreover, a traffic stop is lawful even if the traffic violations are minor, or "de minimis." *See*, *e.g.*, *Strongsville v. Spoonamore*, 8th Dist. Cuyahoga No. 86948, 2006-Ohio-4884; *State v. Parker*, 12th Dist. Warren No. CA2006-07-085, 2007-Ohio-3006.

{¶ 13}  Subsequent to *Erickson*, the Supreme Court of Ohio further explained that, to justify a traffic stop, the officer only need to have a reasonable and articulable suspicion, which is a lesser standard than probable cause.  *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 23.

{¶ 14}  Finally, the question of whether a traffic stop violates the Fourth Amendment requires "an objective assessment of a police officer's actions in light of the facts and circumstances." *Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563, 850 N.E.2d 698, ¶ 14. The probable cause inquiry is fact-dependent and turns on what the officer knew at the time the officer made the stop.  *Id.*

{¶ 15}  Here, Trooper Kay testified he saw in his rearview mirror Jones's vehicle approach his vehicle at a high speed and a near collision was avoided at the last minute.  A failure to maintain a safe space between vehicles is a traffic offense in violation of R.C. 4511.34 ("Space between moving vehicles").  That statute states: "The operator of a motor vehicle * * * shall not follow another vehicle * * * more closely than is reasonable and prudent, having due regard for the speed of such

vehicle * * * and the traffic upon and the condition of the highway."  Regarding R.C. 4511.34, courts have held that "[a]n officer's direct observation that a vehicle is following another vehicle too closely provides probable cause to initiate a lawful traffic stop." *State v. Kelly*, 188 Ohio App.3d 842, 2010-Ohio-3560, 937 N.E.2d 149, ¶ 15 (12th Dist.).

{¶ 16} *Even if* Jones's driving was not a clear violation of R.C. 4511.34 rising to the level of probable cause, it has been held that, depending on the circumstances, erratic driving that does not amount to a traffic violation may nonetheless support an officer's reasonable suspicion to stop a driver. *State v. Bahen*, 2016-Ohio-7012, 76 N.E.3d 438, ¶ 23 (10th Dist.).

{¶ 17} Jones's vehicle was spotted by Trooper Kay at around 4:30 a.m. on New Year's Day driving toward his marked patrol vehicle at a high rate of speed and it narrowly avoided a collision.  And, after passing the trooper's vehicle on the right, the vehicle proceeded to exit the highway.  Even if Jones's driving did not rise to the level of probable cause for the trooper to initiate a stop for the commission of a traffic offense in violation of R.C. 4511.34, the totality of the circumstances (driving at 4:30 a.m., approaching a marked patrol vehicle at a high rate of speed, avoiding a collision at the last minute, and passing the patrol vehicle on the right and then quickly proceeding to exit the highway) raised a reasonable and articulable suspicion for Trooper Kay to effect a traffic stop to investigate the cause of his erratic driving.

{¶ 18} Jones's argument on appeal rests on his allegation that the dash cam video did not reflect Trooper Kay's vehicle veering to the left when Jones's vehicle

approached him from behind at a fast speed, as Trooper Kay testified on direct examination. Jones argues that the court should rely on the dash cam video and not the trooper's testimony. Specifically, Jones argues the trial court's denial of defendant's motion to suppress is not supported by competent, credible evidence because the dash cam video arguably conflicts with the trooper's testimony leading to the traffic stop. However, the parties admit that the dash cam video does not reflect Jones approaching the trooper from behind. In fact, it is unclear from the trooper's testimony when the dash cam video began — *before or after* — the moment the near collision occurred. Therefore, the trial court's denial of the motion to suppress based upon the trooper's testimony is supported by competent, credible evidence.[1]

{¶ 19} In addition, any potential inconsistency between the video evidence and the trooper's testimony goes to the credibility of witnesses. "When the trial court rules on a motion to suppress, the credibility of the witness is a matter for the judge acting as the trier of fact." *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982). "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 8. The trial court here reviewed the dash cam video and

---

[1] The transcript also reflects that when the trial court announced the guilty verdict, it remarked that what Trooper Kay testified — that Jones came up behind him and Jones's vehicle was very close to him — would not be depicted on the video. (Tr. 38.)

found Trooper Kay's testimony that a near collision was avoided at the last minute to be credible. Deferring to the trial court for its factual findings in a motion to suppress, we reject Jones's claim under the first assignment of error.

**Reasonable Suspicion for Sobriety Tests**

{¶ 20} Under the second assignment of error, Jones argues the arresting officer did not have a reasonable, articulable suspicion of his intoxication sufficient to subject him to field sobriety tests.

{¶ 21} A police officer may request a motorist to perform field sobriety tests after the officer has lawfully stopped the vehicle, when the request is "separately justified by a reasonable suspicion based upon articulable facts that the motorist is intoxicated." *Parma Hts. v. Dedejczyk*, 8th Dist. Cuyahoga No. 97664, 2012-Ohio-3458, ¶ 29, citing *State v. Evans*, 127 Ohio App.3d 56, 62, 711 N.E.2d 761 (11th Dist.1998).

> An officer conducting a routine traffic stop may * * * expand the stop's scope in order to investigate whether the individual stopped is under the influence of alcohol and may continue to detain the individual to confirm or dispel his suspicions if the officer observes additional facts

during the routine stop which reasonably lead him to suspect that the individual may be under the influence.

*State v. Marcinko*, 4th Dist. Washington No. 06CA51, 2007-Ohio-1166, ¶ 28. This expanded stop may include field sobriety tests. *Athens v. Burkhart*, 2016-Ohio-7534, 64 N.E.3d 1004, ¶ 12 (4th Dist.).

{¶ 22} Moreover, the court evaluates the reasonableness of the request for field sobriety tests based on the totality of the circumstances "viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold." *Dedejczyk* at ¶ 29, citing *State v. Dye*, 11th Dist. Portage No. 2001-P-0140, 2002-Ohio-7158.

{¶ 23} In *Evans, supra*, the Eleventh District enumerated a nonexhaustive list of factors that courts may consider in evaluating whether an officer had reasonable suspicion to administer field sobriety tests under the totality of the circumstances:

> (1) the time and day of the stop (Friday or Saturday night as opposed to, e.g., Tuesday morning); (2) the location of the stop (whether near establishments selling alcohol); (3) any indicia of erratic driving before the stop that may indicate a lack of coordination (speeding, weaving, unusual braking, etc.); (4) whether there is a cognizable report that the driver may be intoxicated; (5) the condition of the suspect's eyes (bloodshot, glassy, glazed, etc.); (6) impairments of the suspect's ability to speak (slurred speech, overly deliberate speech, etc.); (7) the odor of alcohol coming from the interior of the car, or, more significantly, on the suspect's person or breath; (8) the intensity of that odor, as described by the officer ("very strong," "strong," "moderate," "slight," etc.); (9) the suspect's demeanor (belligerent, uncooperative, etc.); (10) any actions by the suspect after the stop that might indicate a lack of coordination (dropping keys, falling over, fumbling for a wallet, etc.); and (11) the suspect's admission of alcohol consumption, the number

of drinks had, and the amount of time in which they were consumed, if given.

*Evans* at 63, fn. 2. "All of these factors, together with the officer's previous experience in dealing with drunken drivers, may be taken into account by a reviewing court in determining whether the officer acted reasonably. No single factor is determinative." *Id.*

{¶ 24} Here, after Trooper Kay stopped Jones's vehicle for his erratic driving, he observed Jones's eyes to be glassy, his speech slurred, and Jones looked "dazed." The trooper also smelled an odor of alcohol on Jones's person. Given these observations made after officer has lawfully stopped Jones's vehicle, Trooper Kay's request for Jones to perform the field sobriety tests was separately justified by a reasonable suspicion based upon articulable facts that Jones was intoxicated. *Dedejczyk* at ¶ 29. The second assignment of error is without merit.

**Probable Cause to Arrest**

{¶ 25} Under the third assignment of error, Jones argues the trooper did not have probable cause to arrest him.

{¶ 26} An arrest without a warrant violates the Fourth Amendment unless the arresting officer has probable cause to make the arrest. The test for probable cause to justify an arrest is "whether at that moment the facts and circumstances within [the officer's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85

S.Ct. 223, 13 L.Ed.2d 142 (1964). Stated differently, in determining whether a police officer had probable cause to arrest a motorist for OVI without a warrant, the court must determine "whether, at the moment of arrest, the police had information sufficient to cause a prudent person to believe that the suspect was driving under the influence." *Dedejczyk*, 8th Dist. Cuyahoga No. 97664, 2012-Ohio-3458, at ¶ 57, citing *Beck* at 91. "While the odor of alcohol, glassy eyes, slurred speech, and other indicia of alcohol use by a driver are, in and of themselves, insufficient to constitute probable cause to arrest, they are factors to be considered in determining the existence of probable cause." *Id.*, citing *Kirtland Hills v. Deir*, 11th Dist. Lake No. 2004-L-005, 2005-Ohio-1563, ¶ 16.

{¶ 27} Here, in addition to driving at early morning and almost colliding with a marked patrol vehicle, Trooper Kay's observations of indicia of alcohol use by Jones included his glassy eyes, slurred speech, and an odor of alcohol inside the vehicle and in his person. Jones also performed poorly in the field sobriety tests. These circumstances provided sufficient information for a prudent person to believe Jones was driving under the influence. *Dedejczyk* at ¶ 57. Trooper Kay had probable cause to arrest Jones for OVI. The third assignment of error is without merit.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction

having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
RAYMOND C. HEADEN, J., CONCUR