[Cite as *State v. Doss*, 2020-Ohio-5510.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109235 |
| v. | : | |
| SANFORD D. DOSS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 3, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-638751-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Eben McNair, Assistant Prosecuting
Attorney, *for appellee.*

John F. Corrigan, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Sanford Doss appeals his conviction for two counts of aggravated vehicular homicide, one count of aggravated vehicular assault, and one count of operating a vehicle while intoxicated — all arising from Doss's decision to drive a pickup truck while having a blood-alcohol concentration over three times the legal

limit, which resulted in the death of two victims and serious injury to another in a vehicle that Doss violently collided with when he failed to stop at a red light. Before the collision, Doss was driving 86 m.p.h. on a surface street with a 35-m.p.h. speed limit, and was estimated to be traveling 50-60 m.p.h. at the moment of impact.

{¶ 2} At the scene of the accident, after ascertaining that Doss was the driver of the vehicle that ran the red light, the responding officer noticed that Doss was visibly intoxicated and seemed confused when attempting to answer basic biographical questions. According to the responding officer, when Doss first indicated he was the driver of the other vehicle involved in the collision, "he had glassy, watery eyes, a strong odor of an alcoholic beverage coming from his person, and at times his speech was mumbled and confused and slurred." Doss admitted to consuming at least one shot of whiskey before driving. Based on Doss's appearance and voluntary statement, and the nature of the accident itself, the officer indicated that he would have to conduct the field sobriety tests, to which Doss consented. Doss failed the field sobriety tests and was arrested and transported to a nearby hospital for a medical evaluation.

{¶ 3} Doss ultimately pleaded no contest to the indictment after the trial court denied Doss's motion to suppress the results of the blood-alcohol concentration test conducted during his medical evaluation. After merging the applicable offenses, the trial court sentenced Doss to a minimum aggregate term of 16 years, with the maximum term of 19.5 years (the court imposed 7-year minimum prison sentences on each of the aggravated vehicular homicide counts, 2 years on

the aggravated vehicular assault count, and 6 months on the operating a vehicle while intoxicated count, although only the latter was not imposed consecutively).

{¶ 4} In the first assignment of error, Doss claims that his no contest plea to aggravated vehicular assault under R.C. 2903.08(A)(1)(a) was not voluntarily entered because the trial court failed to inform Doss of the mandatory nature of the prison sentence at the second change-of-plea hearing. In the first change-of-plea hearing, the trial court informed Doss that the penalty on the aggravated vehicular assault count was a prison term ranging up to five years in six-month increments. Under R.C 2903.08(D)(1), some term of imprisonment is mandatory. The trial court, however, generally advised that prison would not be mandatory on the "felony offenses." After the change-of-plea hearing, the trial court realized that it incorrectly informed Doss of the maximum sentence on a qualifying felony under R.C. 2929.144 —the then newly enacted sentencing law providing for a minimum and maximum indefinite term of imprisonment on qualifying felony offenses. At the second change-of-plea hearing, the trial court outlined the terms of imprisonment related to all offenses, including the qualifying felony offenses under R.C. 2929.144. Although the trial court again spoke in general terms with respect to the felony offenses during that colloquy, the prosecutor specifically asked the trial court to clarify the sentence that could be imposed on the aggravated vehicular assault count — to which the court stated that the sentence potential was "five years." The trial court ultimately imposed a two-year prison term on that count. Further, as Doss concedes in his appellate briefing, there was no question that a prison sentence was

being imposed upon his plea even at the time of the change-of-plea hearing — also demonstrated by the fact that Doss's trial counsel never even attempted to seek a community-control sanction during the sentencing hearing.

{¶ 5} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. The standard of review for determining whether a plea was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 is substantial compliance for nonconstitutional issues and strict compliance for constitutional issues. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero.* When challenging a guilty plea based on the trial court's lack of substantial compliance, a defendant must also show a prejudicial effect — that the plea would not have been otherwise entered but for the error. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32, citing *Nero* at 108.

{¶ 6} Doss's entire argument with respect to his pleading no contest to aggravated vehicular assault arguably rests on a technical error in the process, but not one that affected his decision-making process. As he concedes, it was a foregone conclusion shared by all parties that Doss was going to be sentenced to prison after pleading no contest to the indictment. At no time during the change-of-plea or sentencing process did Doss ever voice any indication that he thought a community-

control sanction would be imposed instead of a prison sentence for any of the offenses. On this point, *State v. Smith*, 8th Dist. Cuyahoga No. 83395, 2004-Ohio-1796, is instructive.

{¶ 7} In *Smith*, the trial court failed to inform the offender of the mandatory nature of a sentence during the change-of-plea process. *Id.* at ¶ 8-10. Despite this oversight, the panel concluded that the offender never held the belief that community control would be an option. *Id.* According to the *Smith* court, "the mere fact that the court failed to specifically notify the offender that he was ineligible for anything but a prison sentence, is not 'fatal unless the record clearly indicates that the defendant was unaware that he would be sent to prison upon a plea of guilty and he was prejudiced by that fact.'" *Id.* at ¶ 11, citing *Nero*, 56 Ohio St.3d at 108, and *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). Further, the *Smith* court concluded that the offender's statements in sentencing demonstrated that he was aware of the fact that a prison sentence would be imposed such that there was no indication that the offender entered the plea with any notion that a term of community control could be imposed. *Id.*

{¶ 8} In this case, Doss concedes that the totality of the circumstances indicates that he was aware that a term of imprisonment would be imposed upon his entering a no contest plea. At no point during the change-of-plea or the sentencing hearing did Doss ever demonstrate a belief that a term of community control would be imposed on any of the counts surviving merger, and more important, the court expressly warned Doss that a five-year prison term was

applicable to the aggravated vehicular assault count. In addition, the trial court never informed Doss of the possibility of community control or explained what that would entail upon which Doss's ability to render an informed decision as to pleading no contest could have been compromised. Nothing distinguishes this case from *Smith*, and thus, we reach the same conclusion.

{¶ 9} Doss's reliance on *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619 (8th Dist.), is therefore, misplaced. In that case, similarly involving the failure to notify the offender of the mandatory prison term associated with some of the counts at issue, the panel concluded that the offender was "unaware of the full extent of the penalties associated with his no contest pleas" based on the totality of the circumstances because "the defendant 'could not have subjectively understood that he was subject to a mandatory prison term on the robbery charge.'" *Id.* at ¶ 32, 34. This conclusion is in harmony with the analysis used in *Smith.* In light of our conclusion that Doss was subjectively aware of the fact that the term of imprisonment would be imposed upon the no contest plea under a totality of the circumstances and because Doss was expressly warned that a possible five-year prison term was applicable to the aggravated vehicular assault count, *Tutt* is not applicable. The first assignment of error if overruled.

{¶ 10} In the remaining assignments of error, Doss claims the trial court erred in denying his motion to suppress because the state failed to demonstrate that the field sobriety test was conducted in compliance with the applicable standards, that officers lacked probable cause to arrest Doss because the state failed to prove

he caused the accident or committed a traffic infraction, or because Doss's consent to the blood draw at the hospital was not voluntary. None of Doss's claims has merit.

{¶ 11} "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. With regard to factual determinations, "[a]n appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *State v. Hawkins,* 158 Ohio St.3d 94, 2019-Ohio-4210, 140 N.E.3d 577, ¶ 16, citing *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). "But the appellate court must decide the legal questions independently, without deference to the trial court's decision." *Id.*, citing *Burnside* at ¶ 8.

{¶ 12} Although the state must demonstrate by clear and convincing evidence that the field sobriety tests were conducted in accordance with the applicable testing standard in order for the results to be admissible in court under R.C. 4511.19(D)(4), Doss did not contest the admissibility of the field sobriety tests at the suppression hearing, much less in his motion to suppress and the supplement thereto. His sole claim with respect to the failure to adhere to testing standards was limited to the blood draw taken at the hospital after Doss was arrested. The trial court did not resolve whether the field sobriety tests were conducted in substantial compliance with the applicable regulations, and we therefore will not consider that issue for the first time on appeal. In *State v. Codeluppi*, 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, the offender's motion to suppress alleged that the officer failed to conduct field sobriety tests in substantial compliance with NHTSA

guidelines as required by R.C. 4511.19(D)(4)(b) and the Ohio Supreme Court found this sufficient to identify the issues the defendant was raising. *Id.* at ¶ 13. Thus, the issue was deemed to have been preserved for review and the matter was remanded to the trial court for consideration. *Id.* However, by "failing to file a motion to suppress illegally obtained evidence, a defendant waives any objection to its admission." *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 136, quoting *State v. Campbell*, 69 Ohio St.3d 38, 44, 1994-Ohio-492, 630 N.E.2d 339. At the minimum, based on the combination of *Codeluppi* and *Osie*, a defendant needs to identify that the suppression of evidence in a case involving the operation of a vehicle while intoxicated in part depends on the officer's substantial compliance with the field sobriety testing standards in order to preserve the issue for further review.

{¶ 13} In this case, Doss failed to object to the admissibility of the field sobriety results in his motion to suppress and, in part, claimed that he actually passed the tests that were administered for the purposes of demonstrating that the police officers lacked probable cause to arrest him and conduct the blood draw. The focus of the suppression motion was on the blood draw and whether the officers had a reasonable, articulable suspicion warranting the administration of the field sobriety tests that Doss consented to undergo — an issue that Doss has not raised in this appeal. *Parma Hts. v. Dedejczyk*, 8th Dist. Cuyahoga No. 97664, 2012-Ohio-3458, ¶ 29, citing *State v. Evans*, 127 Ohio App.3d 56, 62, 711 N.E.2d 761 (11th Dist.1998) (outlining what is considered reasonable suspicion to conduct a field

sobriety test). It is for this reason, and contrary to the argument presented in this appeal, that the record contains little information on the applicable testing standards — those standards were not at issue during the suppression hearing. *See, e.g., State v. Osborne*, 11th Dist. Lake Nos. 2018-L-124, 2018-L-125, and 2018-L-126, 2019-Ohio-3235, ¶ 69. Doss has waived any challenges to the admissibility of the field sobriety tests.

{¶ 14} Accordingly, we need not consider Doss's claim that there was no probable cause to arrest him at the scene of the collision. Probable cause to arrest is based on "'whether at that moment the facts and circumstances within [the officer's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense.'" *Cleveland v. Jones*, 8th Dist. Cuyahoga No. 107257, 2019-Ohio-1525, ¶ 26, quoting *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). In this case, the responding officer testified that Doss was visibly intoxicated, had trouble answering basic questions, and performed poorly on the field sobriety tests. There was probable cause to arrest Doss for operating a vehicle while intoxicated that directly led to his causing the horrific accident. *See, e.g., id.*

{¶ 15} And finally, we summarily find no merit to Doss's claim as to the exclusion of the blood-alcohol concentration result based on the notion that the blood-draw procedure occurred before his consent was delivered. Doss claims that his written consent was procured, as portrayed in the body camera video, while the nurse can be seen handling the blood samples in the background. According to the

officer's testimony, there were two written consent forms executed, the Bureau of Motor Vehicle's Form 2255, as well as the hospital's own consent form. There is no dispute that Doss signed both. His sole claim, presented in a cursory manner, is that the forms were signed after the blood sample was procured and that for the written consent to be valid, it cannot be coerced pursuant to *Schneckloth v. Bustamonte*, 412 U.S. 218, 233, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). There is no indication as to the basis of Doss's belief that his consent was coerced. App.R. 16(A)(7).

{¶ 16} The officer testified that he procured Doss's consent for the blood draw three minutes before the hospital employee obtained the blood sample. Even if we agreed with Doss that the memorialization of that consent occurred immediately after the blood draw according to the video evidence, the nurse who procured the blood sample expressly testified that Doss's consent to the procedure was communicated before it was conducted. A motion to suppress presents a mixed question of law and fact. *Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71. Appellate courts defer to the trial court's factual findings. *Id.* In this case, the trial court concluded that Doss timely consented to the blood draw based on the officer's and the nurse's testimony of the timing, and at a minimum ratified that consent by executing the consent forms. We cannot conclude the trial court erred in finding that Doss consented to the blood draw for the purpose of deeming the results of the blood-alcohol concentration test to be admissible.

{¶ 17} We affirm the convictions.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
EILEEN A. GALLAGHER, J., CONCUR