JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Shawn White, appeals his conviction and sentence issued in the Court of Common Pleas, Criminal Division. Upon our review of the arguments of the parties and the record presented, we affirm the judgment of the trial court for the reasons set forth below.
 {¶ 2} White came to the attention of authorities in late 2001 when the Sixth District of the Cleveland Police Department began to receive complaints of drug activity in the area in which White resides. After police surveillance of the area and a controlled buy conducted with a confidential reliable informant, detectives obtained several search warrants for White's premises, but only one warrant was executed. The search, conducted on or about September 28, 2001, produced a loaded and operable handgun, two plastic bags of cocaine and United States currency in the amount of $5,405.
 {¶ 3} White was indicted in 2001 on a three-count charge of possession of drugs with two firearm specifications, drug trafficking with two firearm specifications, and possession of criminal tools. A bench trial commenced on December 16, 2002, and White was found guilty on count two, drug trafficking with a one-year firearm specification. He was sentenced to three years incarceration.
 {¶ 4} Appellant now presents two assignments of error for our review.
"I. The trial court erred in denying defendant's motion to suppress the evidence where the evidence was obtained by a warrant supported by an affidavit which contained false information and which otherwise lacked probable cause."
 {¶ 5} The evaluation of the evidence and the credibility of witnesses in a suppression hearing are issues for the trier of fact; the trial court is in the best position to resolve questions of fact and evaluate credibility of witnesses. Statev. Mills (1992), 62 Ohio St.3d 357, 366-367; State v. Bailey,
Cuyahoga App. No. 81498, 2003-Ohio-1834; State v. Klein (1991),73 Ohio App.3d 486; State v. Pope, Cuyahoga App. No. 3647, 2003-Ohio-3647. Appellate courts should give great deference to the judgment of the trier of fact. Mills, supra, at 367; Statev. George (1989), 45 Ohio St.3d 325, 329. Accordingly, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.Klein, supra. The reviewing court must independently determine, as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the appropriate legal standard. State v. Clayton (1993),85 Ohio App.3d 623 * * *.
 {¶ 6} The right to be free from unreasonable searches and seizures is guaranteed by the Fourth Amendment to the United States Constitution, which provides that no warrants shall issue but upon probable cause. When the sufficiency of an affidavit submitted in support of a search warrant is in question, the duty of the reviewing court is to determine whether the issuing judge had a substantial basis to conclude that probable cause existed.State v. George (1989), 45 Ohio St.3d 325, ¶ 2 of the syllabus, following Illinois v. Gates (1983), 462 U.S. 213, 238-239. The appellate court is not charged with a de novo review of the sufficiency of information set forth to obtain the warrant. In making the determination of whether there was a substantial basis to conclude that probable cause existed, the reviewing court must "make a practical, common-sense decision whether given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at paragraph 1 of the syllabus. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, reviewing courts should afford great deference to the issuing magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. Id.
 {¶ 7} In Franks v. Delaware, (1978) 438 U.S. 154, the U.S. Supreme Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." Franks at 155-156.
 {¶ 8} In the instant case, detectives obtained a search warrant for appellant's premises on September 17, 2001, September 21, 2001 and September 28, 2001. Appellant argues that the affidavits which accompanied each of those warrants included false information and did not provide the issuing court with probable cause for the warrants. We disagree. First, the investigating officer included in the warrant affidavit a complete description of the premises to be searched, an averment that the confidential reliable informant ("CRI") had successfully made a drug purchase at those premises from the appellant,[1] reliable information that the appellant did indeed reside at the residence in question, a description of the appellant, information regarding ongoing police surveillance, and an averment that weapon(s) were suspected to be in the home.
 {¶ 9} At the suppression hearing, Detective Eugene Jones testified that the information regarding when the CRI made the drug buy from the appellant was kept intentionally vague to protect the identity of the CRI and that the buy actually took place approximately 15 days before the search instead of the time frame of "within two weeks" included in the affidavit; this does not rise to the level of "reckless disregard for the truth" necessary for a Franks exclusion. Moreover, the totality of the information contained in the affidavit could have provided a substantial basis to conclude that probable cause existed for the search. There is no evidence that the affiant knowingly or intentionally attempted to mislead the court, and we find no error in the trial court's original finding of probable cause. Thus, appellant's first assignment of error is overruled.
"II. Defendant's conviction of a one year firearm specification was against the manifest weight of the evidence."
 {¶ 10} Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v.Cleveland (1948), 150 Ohio St. 303, 345.
 {¶ 11} The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. The United States Supreme Court recognized these distinctions in Tibbs v. Florida, (1982) 457 U.S. 31, where the court held that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43.
 {¶ 12} Upon application of the standards enunciated inTibbs, the court in State v. Martin (1983),20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 13} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
 {¶ 14} The appellant in this case was found guilty of drug trafficking, with a one-year firearm specification under R.C.2941.141. Appellant argues that the specification was improperly imposed because the firearm in question was located in a bedroom of the house when police executed the search and that there was no evidence that appellant had the gun on his person or under his control "while committing the offense of drug trafficking." Appellant's argument is not well taken.
 {¶ 15} Possession is defined as having "control over a thing or substance," but it may not be inferred solely from "mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C.2925.01(K). Possession can be actual or constructive. State v.Wolery (1976), 46 Ohio St.2d 316, 329. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession. State v. Hauberson (1982),70 Ohio St.2d 87; see, also, State v. Reeves, Cuyahoga App. No. 81916, 2003-Ohio-3528; Walker v. State (June 11, 1992), Cuyahoga App. No. 60202.
 {¶ 16} The firearm in question was located in the appellant's bedroom, and it was operable and loaded. The detectives who testified indicated that they had made controlled drug buys from the appellant at the appellant's residence and had confirmed that the appellant was indeed the occupant of the home through "utility checks." Just because appellant was not waiving his gun about at the precise moment he was trafficking in illegal narcotics does not mean he was not in possession of a deadly firearm for purposes of the gun specification. The gun was located within appellant's easy access, in his bedroom, and he clearly exercised the requisite dominion and control over the same. Thus, the trial court did not err in determining that the loaded and operable firearm was indeed under appellant's control at the time of the drug trafficking offense. Appellant's second assignment of error is hereby overruled.
 {¶ 17} The judgment is affirmed.
Judgment affirmed.
Diane karpinski and Sean C. Gallagher, JJ., concur.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
[1] The warrant dated September 21, 2001 states that the buy was made "within the past week;" the warrant dated September 28, 2001 avers that the purchase was made "within the past two weeks."