[Cite as *State v. Joseph*, 2022-Ohio-4404.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,       :

                                Nos. 111276; 111277 and

    v.                        :                      111278

JOQUAN JOSEPH,                    :

    Defendant-Appellant.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
               AND REMANDED
**RELEASED AND JOURNALIZED:** December 8, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-664770-A, CR-21-661109-A, and CR-20-655148-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Sarah J. Denney, Assistant Prosecuting
Attorney, *for appellee.*

The Law Office of Jaye M. Schlachet and Eric M. Levy, *for
appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Joquan Joseph ("appellant") appeals his conviction and

sentence from the Cuyahoga County Court of Common Pleas. After a thorough

review of the applicable law and facts, we affirm in part, reverse in part, and remand

to the trial court for determination of whether the convictions for having weapons while under disability merge for sentencing.

## I. Factual and Procedural History

{¶ 2} In January 2021, the Cleveland Police Department's Neighborhood Impact Community Engagement Unit ("NICE") attempted to execute a search warrant at 381 East 123rd Street, Cleveland, Ohio, which was the home of appellant. The purpose of the search warrant was to locate firearms that police believed that appellant was illegally keeping inside the residence. Because firearms were involved, the SWAT unit was also present.

{¶ 3} Officers arrived at the residence at approximately 7:00 a.m. and knocked and announced themselves. Appellant then fired two or three shots out of the house. After 45 minutes, several of the occupants of the residence came out. They were later identified as appellant's brothers, his girlfriend, and his two-year-old child. The occupants told officers they did not know where appellant was.

{¶ 4} Police deployed a drone into the house and then a search dog to try to locate appellant, but both were unsuccessful. Police then entered the house to search for the firearms. Three different firearms, along with ammunition, were located inside, including the firearm that was later determined to be the one used to fire at officers earlier. The firearms had been hidden behind an access panel in the child's bedroom that led into the bathroom. The guns were located inside the wall under the tub area of the bathroom.

{¶ 5} Officers searched appellant's bedroom and eventually located appellant inside the box springs on his bed, along with drugs and $13,350. Cocaine and fentanyl were also discovered in the residence. The cocaine totaled 35.9 grams, and three different bags of fentanyl totaled 115.63 grams.

{¶ 6} When appellant spoke with police later, he admitted to firing the shots at them and also admitted that "all" of the drugs and the firearms found in the residence were his.

{¶ 7} Appellant was indicted on the following charges in Cuyahoga C.P. No. CR-21-664770-A: felonious assault (Counts 1-14), felonies of the first degree, with accompanying one-, three-, and seven-year firearm specifications; felonious assault (Counts 15-16), felonies of the second degree, with accompanying one-, three-, and seven-year firearm specifications; drug trafficking (Count 17), a felony of the first degree, along with a one-year firearm specification and a major drug offender specification; drug possession (Count 18), a felony of the first degree, with accompanying one-year firearm specification and major drug offender specification; drug trafficking (Count 19), a felony of the first degree, with a one-year firearm specification; drug possession (Count 20), a felony of the first degree, with a one-year firearm specification; having weapons while under disability (Counts 21-22), felonies of the third degree; receiving stolen property (Count 23), a felony of the fourth degree; tampering with evidence (Count 24), a felony of the third degree;

child endangerment (Count 25), a misdemeanor of the first degree; and possession of criminal tools (Count 27), a felony of the fifth degree.[1]

{¶ 8} Appellant filed a motion to suppress and for the return of illegally seized property. Appellant sought suppression of all evidence seized from the search of the residence. Prior to trial, the parties presented brief oral arguments on the motion, which was then denied by the court.

{¶ 9} A jury trial was held on all charges with the exception of Counts 21 and 22, which were bifurcated to the judge. Counts 15, 16, 17, 19, and 23 were dismissed after Crim.R. 29 arguments. Appellant was convicted of drug possession (Counts 18 and 20), having weapons while under disability (Counts 21 and 22), tampering with evidence (Count 24), child endangerment (Count 25), and possession of criminal tools (Count 27). Appellant was found not guilty of Counts 1 through 14.

{¶ 10} Appellant was sentenced to 11 years on Count 18, plus one-year firearm specification; ten years on Count 20, plus one-year firearm specification; and 36 months each on Counts 21, 22, 24, 25, and 27. All time was to run concurrently for a total of 12 years.

{¶ 11} Appellant had also been charged in Cuyahoga C.P. No. CR-21-661109-A with counts of burglary, kidnapping, extortion, grand theft, and receiving stolen property, along with notice of prior conviction and repeat violent offender specifications. He pled guilty to kidnapping and receiving stolen property and all

---

[1] Count 26 related solely to a codefendant.

other charges were nolled. Appellant was sentenced in this case to a total of nine years.

{¶ 12} In addition, in Cuyahoga C.P. No. CR-20-655148-B, appellant had been charged with one count of receiving stolen property. He pled guilty to the charge and was sentenced to 18 months in prison.

{¶ 13} Appellant's sentence in CR-21-664770-A was ordered to run consecutive to the sentence in CR-21-661109-A. His sentence in CR-20-655148-B was ordered to run concurrently with the other two sentences, for a total prison sentence of 21 years.

{¶ 14} Appellant filed the instant appeal, raising seven assignments of error for our review:

> 1. Appellant's convictions must be reversed as the state of Ohio failed to present sufficient evidence in support thereof.
>
> 2. Appellant's convictions are against the manifest weight of the evidence.
>
> 3. Appellant's trial counsel was ineffective and prejudiced appellant in violation of the Sixth and Fourteenth Amendments to the United States Constitution when it failed to object to the jury instructions for fentanyl mixed with green plant material and the instructions given were otherwise plain error.
>
> 4. The trial court erred when it declined to suppress the admission of evidence at trial.
>
> 5. The trial court erred when it failed to merge for sentencing the weapons while under disability convictions for the same incident.
>
> 6. The trial court erred and denied appellant due process of law when it admitted known false testimony and denied appellant's motion for a mistrial amounting to prosecutorial misconduct.

7. The trial court erred when it imposed consecutive sentences where such sentence is not supported by the record.

## II. Law and Analysis

{¶ 15} For ease of discussion, we will address appellant's assignments of error out of order.

## A. Suppression of Evidence

{¶ 16} In his fourth assignment of error, appellant argues that the trial court erred in denying his motion to suppress.

{¶ 17} In the motion, appellant argued that the warrant was issued without probable cause and was defective. He asserted that while executing the warrant, the police entered the premises and conducted a "general and exploratory search." Further, he contends that the seizure of money and personal property were made without probable cause and were further in violation of the "plain view" doctrine.

{¶ 18} Prior to trial, the court heard arguments from both sides on the motion. Neither appellant nor the state presented any witnesses.

{¶ 19} The trial court denied the motion, finding that based upon its review of the search warrant and photos submitted as Exhibits A and B, the warrant contained sufficient probable cause for entry of the premises at 381 East 123rd Street, Cleveland.

{¶ 20} Appellant argues that the police searched areas of the home and vehicles where they knew firearms could not be found. He also contends that police

searched for drugs despite not being permitted to do so pursuant to the warrant obtained.

{¶ 21} The Fourth Amendment of the United States Constitution, which is enforceable against the states through the Due Process Clause of the Fourteenth Amendment, provides, "'The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause.'" *State v. Stewart*, 8th Dist. Cuyahoga Nos. 109867 and 109868, 2022-Ohio-199, ¶ 13, quoting *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Article I, Section 14 of the Ohio Constitution contains nearly identical language and affords Ohio citizens the same protections. *State v. Robinette*, 80 Ohio St.3d 234, 245, 685 N.E.2d 762 (1997).

{¶ 22} Appellate review of a motion to suppress "presents a mixed question of law and fact; we accept the trial court's findings of fact if they are supported by competent, credible evidence but must independently determine whether the facts satisfy the applicable legal standard." *Cleveland v. Jones*, 8th Dist. Cuyahoga No. 107257, 2019-Ohio-1525, ¶ 8, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. "'[W]hen there is substantial evidence to support the factual findings of the trial court, the decision on the motion to suppress will not be disturbed on appeal absent an error of law.'" *Id.*, quoting *State v. Bates*, 8th Dist. Cuyahoga No. 92323, 2009-Ohio-5819, ¶ 36, citing *State v. Depew*, 38 Ohio St.3d 275, 528 N.E.2d 542 (1988).

**{¶ 23}** At the hearing, the state argued that there was probable cause to support the warrant:

> So in regards to probable cause on the warrant, when looking at the four corners of the warrant, the state feels that there is probable cause for a search warrant at that residence, that being 381 East 123rd Street. When reviewing the warrant, the affidavit, and the attached photographs, it is clear to the state that Mr. Joseph was residing at that house. The state does not feel that the burden is that he owned or leased or anything like that to the property, but that he was staying at the property and that it was a property where police might reasonably find firearms. I believe that is sufficiently affirmed in the affidavit in multiple ways.
>
> First, as mentioned by this court, that there was an incident report from November 26th of 2020 where it was listed as his residence.
>
> Further, his mother was at the residence. It is the same residence seen in photographs posted by Mr. Joseph on his social media account, he is posting in the residence with firearms. I think that would give police a strong indication that they might find firearms belonging to him at that residence.
>
> Further, they were able to match his Instagram using his OHLEG. They conducted surveillance to be certain, your Honor, that that was the residence that Mr. Joseph was using on separate occasions. Both occasions they saw him coming from — coming or going to the residence.
>
> And further, Mr. Joseph is prohibited from having firearms at the time that the warrant was signed — lawfully signed by a judge of this common pleas court.
>
> Further, as the Court took notice of, Mr. Joseph at the time also did have a warrant out — a valid warrant out for his arrest, which would allow police anyway to go to the residence in search of him.

**{¶ 24}** Appellant argued that there was nothing connecting him to the home and that the state cannot demonstrate that the social media photographs were of the same residence.

{¶ 25} In denying the motion, the court stated:

Well, counsel, you make the argument that the social media is determinative as to all the circumstances, and the Court finds that there is sufficient evidence, probable cause, most importantly that there's an outstanding warrant on two occasions, one out of the probation department and one out of domestic violence for Cleveland charge there.

The Court also finds that the observations under surveillance, the postings on Instagram, et cetera, all taken together create sufficient probable cause to execute a warrant. * * *

{¶ 26} Appellant chose to rest on his brief and not present evidence at a hearing in support of his motion. Accordingly, the trial court could only consider the arguments in the briefs and at the hearing, the contents of the warrant, and the photographs attached to the brief, and determined that sufficient probable cause existed. Without any contradicting evidence, we also find that the photographs and statements in the affidavit created sufficient probable cause for the issuance of the warrant.

{¶ 27} Appellant has not demonstrated that the trial court erred in denying his motion to suppress, and his fourth assignment of error is overruled.

## B. Sufficiency of the Evidence

{¶ 28} In appellant's first assignment of error, he argues that his convictions were not supported by sufficient evidence.

{¶ 29} Where a party challenges the sufficiency of the evidence supporting a conviction, a determination of whether the state has met its burden of production at trial is conducted. *State v. Hunter*, 8th Dist. Cuyahoga No. 86048, 2006-Ohio-20, ¶ 41, citing *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997). An

appellate court reviewing sufficiency of the evidence must determine "'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. With a sufficiency inquiry, an appellate court does not review whether the state's evidence is to be believed but whether, if believed, the evidence admitted at trial supported the conviction. *State v. Starks*, 8th Dist. Cuyahoga No. 91682, 2009-Ohio-3375, ¶ 25, citing *Thompkins* at 387. A sufficiency of the evidence argument is not a factual determination, but a question of law. *Thompkins* at 386.

### 1. Drug Possession — Fentanyl

{¶ 30} Appellant was convicted under R.C. 2925.11(C)(11)(g), which states as follows:

> If the amount of the drug involved equals or exceeds one thousand unit doses or equals or exceeds one hundred grams, possession of a fentanyl-related compound is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree.

{¶ 31} The state presented the testimony of Edgar Andrus, a forensic scientist at the Cuyahoga County Regional Forensic Science Laboratory. Andrus conducted testing on the drugs found as a result of the search of appellant's residence. Item 1 (state's exhibit No. 165) was a plastic bag containing green plant material and

another plastic bag containing 18 tan fragments and small particles. Andrus testified that the second plastic bag contained fentanyl and 4-ANPP, which he stated was a substance used to manufacture fentanyl. The fentanyl and 4-ANPP totaled 68.65 grams. Andrus did not identify the green plant material in the first plastic bag.

{¶ 32} Item 2 (state's exhibit No. 164) was a plastic bag containing 12 off-white fragments and small particles and was determined to be 35.09 grams of cocaine. Item 3 (state's exhibit No. 166) was a plastic bag containing nine tan fragments and small particles and was determined to be 15.75 grams of fentanyl and 4-ANPP. Item 4 (state's exhibit No. 163) was a plastic bag with two tan fragments and small particles and was determined to be 31.23 grams of fentanyl and 4-ANPP.

{¶ 33} Because the drugs found constituted a mixture containing fentanyl, two further sections of the R.C. 2925.11(C) were implicated:

> (9) If the drug involved in the violation is a compound, mixture, preparation, or substance that is a combination of a fentanyl-related compound and marihuana, one of the following applies:

> (a) Except as otherwise provided in division (C)(9)(b) of this section, the offender is guilty of possession of marihuana and shall be punished as provided in division (C)(3) of this section. Except as otherwise provided in division (C)(9)(b) of this section, the offender is not guilty of possession of a fentanyl-related compound under division (C)(11) of this section and shall not be charged with, convicted of, or punished under division (C)(11) of this section for possession of a fentanyl-related compound.

> (b) If the offender knows or has reason to know that the compound, mixture, preparation, or substance that is the drug involved contains a fentanyl-related compound, the offender is guilty of possession of a fentanyl-related compound and shall be punished under division (C)(11) of this section.

(10) If the drug involved in the violation is a compound, mixture, preparation, or substance that is a combination of a fentanyl-related compound and any schedule III, schedule IV, or schedule V controlled substance that is not a fentanyl-related compound, one of the following applies:

(a) Except as otherwise provided in division (C)(10)(b) of this section, the offender is guilty of possession of drugs and shall be punished as provided in division (C)(2) of this section. Except as otherwise provided in division (C)(10)(b) of this section, the offender is not guilty of possession of a fentanyl-related compound under division (C)(11) of this section and shall not be charged with, convicted of, or punished under division (C)(11) of this section for possession of a fentanyl-related compound.

(b) If the offender knows or has reason to know that the compound, mixture, preparation, or substance that is the drug involved contains a fentanyl-related compound, the offender is guilty of possession of a fentanyl-related compound and shall be punished under division (C)(11) of this section.

{¶ 34} Appellant argues that the state was required to prove that the additional green plant material that was found in Item 1 was not marijuana or a schedule III, IV, or V substance, but it did not. He contends that the state therefore failed to present evidence demonstrating that neither R.C. 2925.11(C)(9)(a) nor (C)(10)(a) were applicable and consequently he could not be convicted under R.C. 2925.11(C)(11)(g).

{¶ 35} The state asserts that the evidence demonstrated that appellant was aware that the mixture contained fentanyl, particularly considering that all of the mixtures contained fentanyl and 4-ANPP, which is a substance used to create fentanyl. The state therefore argues that even if the green plant material was marijuana or a schedule III, IV, or V drug, the evidence shows that appellant knew the mixture contained fentanyl, which triggered sections R.C. 2925.11(C)(9)(b) or

(C)(10)(b) and rendered appellant guilty of possession of a fentanyl-related compound.

{¶ 36} "A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). "Knowledge can be ascertained from the surrounding facts and circumstances in the case." *Id*. Given that the mixtures contained fentanyl along with 4-ANPP, the substance used to manufacture fentanyl, there was sufficient evidence to show that appellant knew or had reason to know that the third mixture contained fentanyl. Thus, R.C. 2925.11(C)(9)(a) and (C)(10)(a) did not apply, and there was sufficient evidence to convict appellant under R.C. 2925.11(C)(11)(g).

### 2. Possession of Fentanyl and Cocaine

{¶ 37} Appellant argues that there was insufficient evidence to convict him of possession of Items 3 and 4 because those items were located in a bedroom other than his and in a vehicle parked on the property. He contends that because he was not the only individual in the home or with access to it, there was insufficient evidence to show that he constructively possessed the drugs.

{¶ 38} Appellant's argument regarding constructive possession lacks merit because appellant admitted that "all" of the drugs were his. Detective Quintana, who was present for the search and subsequent interview of appellant, testified that during the interview, appellant stated that all of the drugs were his. Appellant did not present any contradictory evidence, and his counsel even stated the following in his closing argument:

And from his own testimony — not his testimony but [what] was introduced as evidence in this case, he admitted possession of the drugs. He admitted possession of the firearms. We're not running away from that. That's what he had, and that's what he admitted to.

{¶ 39} Appellant's uncontroverted admissions constituted sufficient evidence to find that he was guilty of possession of fentanyl and cocaine.

### 3. Firearm Specification for Drug-Possession Charges

{¶ 40} Appellant argues that there was insufficient evidence to convict him of the firearm specifications on the drug-possession charges.

{¶ 41} Again, appellant admitted during his police interview that the guns were his and that he alone had hidden them. Further, appellant admitted to firing the shots. A firearm specification applies when "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense." R.C. 2941.141(A). This court has consistently upheld convictions for firearm specifications when a firearm was around or in close proximity to drug-related offenses. *See State v. Benton*, 8th Dist. Cuyahoga No. 82810, 2004-Ohio-3116 (upholding firearm specification where the defendant was arrested in his home and drugs and a firearm were found in his wife's car in a detached garage); *State v. White*, 8th Dist. Cuyahoga No. 82495, 2004-Ohio-228 (affirming conviction for drug trafficking with a one-year firearm specification when firearm was located in a bedroom of the house); *State v. Easterly*, 8th Dist. Cuyahoga No. 94797, 2011-Ohio-215 (upholding firearm specification where defendant was arrested in one part of building and drugs and a gun were found in defendant's office).

{¶ 42} Accordingly, there was sufficient evidence for appellant's conviction of the firearm specification related to the drug-possession charges.

### 4. Having Weapons While Under Disability

{¶ 43} Appellant contends that because he was acquitted of the felonious-assault charges arising from the shooting out of the house, he could not be convicted of having weapons while under disability.

{¶ 44} As above, we note that appellant admitted in his police interview that the firearms were his. Because appellant had a prior conviction, any time that he possessed a firearm since that conviction, he had the animus to violate R.C. 2923.13(A)(2).

{¶ 45} Appellant's other conviction for having weapons while under disability was under R.C. 2923.13(A)(1), which precludes anyone who is a "fugitive from justice" from having a firearm. This court has defined "fugitive from justice" as used in the statute as a person who "'(1) [has] incurred guilt — i.e., be guilty of having committed some offense; (2) [was] aware that he is being sought by police in connection with that offense; and (3) being aware that he is being sought by police, [took] some affirmative action to elude detection by police.'" *State v. March*, 2019-Ohio-2001, 136 N.E.3d 932, ¶ 24 (8th Dist.), quoting R.C. 2923.13(A)(1). The evidence demonstrated that appellant was guilty of an offense, aware he was being sought by police after they knocked and announced themselves, and took action to hide himself from them.

{¶ 46} We therefore find that there was sufficient evidence to convict appellant of both counts of having weapons while under disability.

## 5. Tampering With Evidence

{¶ 47} Appellant argues that there was insufficient evidence to convict him of tampering with evidence when he was unaware that the police were coming to search and investigate his possession of weapons. He asserts that since he was unaware of any police investigation, he could not have tampered with evidence.

{¶ 48} Appellant's assertion of his lack of knowledge is without merit. The evidence demonstrates that the SWAT team knocked and announced their presence and officers made repeated announcements over the PA system of their vehicles. Appellant concealed himself in the box springs along with drugs and money. Thus, there was sufficient evidence to support appellant's conviction for tampering with evidence.

{¶ 49} Viewing the evidence in a light most favorable to the prosecution, we find that there was sufficient evidence to support appellant's convictions. Appellant's first assignment of error is overruled.

## C. Manifest Weight of the Evidence

{¶ 50} In appellant's second assignment of error, appellant argues that his convictions were against the manifest weight of the evidence.

{¶ 51} A reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage

of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). A reversal on the basis that a verdict is against the manifest weight of the evidence is granted "only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶ 52} Appellant argues that his convictions were against the manifest weight of the evidence because the state presented the testimony of Detective Zarefoss, who stated that he was present for appellant's entire interview and testified as to statements made during appellant's interview. Appellant contends that this was perjured testimony because Detective Zarefoss was only present for the beginning of his interview.

{¶ 53} Appellant did not cross-examine Detective Zarefoss or present any evidence supporting his assertion regarding the detective's testimony but moved for a mistrial based upon this testimony. The video showing the interview was not presented at trial. In response to the motion for mistrial, the state recalled Detective Quintana, who was present for appellant's interview, and he testified as to appellant's statements therein. Specifically, Detective Quintana testified that appellant had admitted that all of the drugs found were his. Appellant does not dispute that Detective Quintana was present for the interview and could properly testify as to appellant's statements made therein. Accordingly, we cannot find that Detective Zarefoss's erroneous testimony rendered appellant's convictions against the manifest weight of the evidence.

{¶ 54} The remainder of appellant's assertions under this assignment of error simply reference the arguments raised in his first assignment of error regarding sufficiency of the evidence. However, "sufficiency" and "manifest weight" challenges present two distinct legal concepts. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 23. App.R. 16(A) requires a party to separately argue each assignment of error. *See Cleveland v. Hall*, 8th Dist. Cuyahoga No. 101820, 2015-Ohio-2698, ¶ 14, citing App.R. 16(A)(7) (overruling appellant's assignment of error relating to a sufficiency challenge pursuant to App.R. 16(A)(7) because the appellant did not make a specific argument regarding why the convictions were not supported by sufficient evidence and only addressed the issues relating to the manifest-weight challenge). Pursuant to App.R. 12(A)(2), an appellate court may disregard any assignment of error, or portion thereof, if the appellant fails to make a separate argument. *State v. Wells*, 8th Dist. Cuyahoga No. 98388, 2013-Ohio-3722, ¶ 55. Accordingly, we find that appellant's convictions are not against the manifest weight of the evidence and appellant's second assignment of error is overruled.

### D. Ineffective Assistance of Counsel/Plain Error

{¶ 55} In his third assignment of error, appellant argues that his counsel was ineffective by failing to object to the jury instruction regarding fentanyl. He further contends that giving the erroneous instruction constituted plain error.

{¶ 56} In a claim of ineffective assistance of counsel, the burden is on the defendant to establish that counsel's performance fell below an objective standard

of reasonable representation and prejudiced the defense. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To determine whether counsel was ineffective, appellant must show that (1) counsel's performance was deficient, in that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, and (2) counsel's deficient performance prejudiced the defense in that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*.

{¶ 57} In Ohio, a properly licensed attorney is presumed competent. *Vaughn v. Maxwell*, 2 Ohio St.2d 299, 301, 209 N.E.2d 164 (1965). In evaluating whether a petitioner has been denied the effective assistance of counsel, the Supreme Court of Ohio held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus.

{¶ 58} When making that evaluation, a court must determine whether there has been a substantial violation of any of defense counsel's essential duties to his client and whether the defense was prejudiced by counsel's ineffectiveness. *State v. Lytle*, 48 Ohio St.2d 391, 358 N.E.2d 623 (1976); *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). To show that a defendant has been prejudiced, the defendant must prove that there exists a reasonable probability that, were it not for

counsel's errors, the result of the trial would have been different. *Bradley* at paragraph three of the syllabus; *Strickland*.

{¶ 59} The court gave the following instruction for the possession of fentanyl charge:

> The defendant, Joquan Joseph, is charged with drug possession, in violation of 2925.11(A), in Count 18 of the indictment. Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about January 26th and in Cuyahoga County, Ohio, the defendant did knowingly obtain, possess, or use a controlled substance, and the drug involved in the violation was a combination of a fentanyl-related compound and any other controlled substance, and the amount of the drug involved equaled or exceeded 100 grams.
>
> The term "knowingly" has been previously defined for you in Counts 1 through 14, and the same definition applies herein.
>
> Possess.
>
> Possess means having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the things or substance is found.
>
> If you find that the state proved beyond a reasonable doubt all of the essential elements of the offense of drug possession as charged in Count 18 of the indictment, your verdict must be guilty, according to your findings. You will then indicate your finding on the verdict form.
>
> If you find that the state failed to prove beyond a reasonable doubt any one of the essential elements of the offense of drug possession as charged in Count 18 of the indictment, your verdict must be not guilty, according to your findings. And you will then indicate your finding on the verdict form.
>
> Count 18. Further finding as to weight. If you find the defendant guilty in Count 18, it is your duty to deliberate further and to decide whether the weight of the fentanyl-related compound does or does not equal or exceed 100 grams. If you find the defendant not guilty in Count 18, you will not consider or decide the additional question.

{¶ 60} Because we already determined in appellant's second assignment of error that there was sufficient evidence to show that appellant knew or had reason to know that the mixture contained fentanyl, we find that a jury instruction regarding R.C. 2925.11(C)(9)(a) and (C)(10)(a) was not warranted. Thus, appellant's counsel was not ineffective for failing to object to the instructions, and the trial court properly administered the instructions on the drug-possession charge. Appellant's third assignment of error is overruled.

### E. Mistrial

{¶ 61} In his sixth assignment of error, appellant argues that the trial court erred when it admitted false testimony and denied his motion for mistrial based upon prosecutorial misconduct. Appellant contends that a mistrial was warranted because Detective Zarefoss committed perjury by stating that he was present for appellant's entire interview when he was only there for the beginning and testified to statements made by appellant during the interview after Detective Zarefoss had left. We determined in appellant's third assignment of error that the presentation of Detective Zarefoss's erroneous testimony regarding his presence at appellant's entire interview did not render appellant's convictions against the manifest weight of the evidence, but we will analyze it now in the context of a motion for mistrial.

{¶ 62} In response to appellant's motion for a mistrial, the state recalled Detective Quintana, who was present for appellant's interview. Detective Quintana acknowledged that Detective Zarefoss left after some of the interview. Detective Quintana testified as to the same statements made by appellant that Detective

Zarefoss did. Appellant does not dispute that Detective Quintana was present for the interview and was able testify as to statements made therein. Further, appellant did not cross-examine Detective Zarefoss or present any evidence supporting his assertion regarding the detective's testimony.

{¶ 63} The decision to grant or deny a motion for mistrial lies within the sound discretion of the trial court. *State v. Miller*, 8th Dist. Cuyahoga No. 100461, 2014-Ohio-3907, ¶ 36, citing *State v. Garner*, 74 Ohio St.3d 49, 656 N.E.2d 623 (1995). We will not disturb that "exercise of discretion absent a showing that the accused has suffered material prejudice." *Id.*, citing *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987). A mistrial is only warranted when "the ends of justice so require and 'a fair trial is no longer possible.'" *Id.*, quoting *State v. Franklin*, 62 Ohio St.3d 118, 127, 580 N.E.2d 1 (1991).

{¶ 64} The relevant question in reviewing a claim of prosecutorial misconduct is "'whether the prosecutors' comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process."'" *State v. Froman*, 162 Ohio St.3d 435, 2020-Ohio-4523, 165 N.E.3d 1198, ¶ 114, quoting *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986), quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). In answering that question, the reviewing court considers "whether the conduct was improper and, if so, whether it prejudicially affected the defendant's substantial rights." *Id.*, citing *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 243. In evaluating prejudice, the court considers "the effect that the

misconduct had 'on the jury in the context of the entire trial.'" *Id.*, quoting *State v. Keenan*, 66 Ohio St.3d 402, 410, 613 N.E.2d 203 (1993).

{¶ 65} In the instant matter, it cannot be said that a fair trial was no longer possible after Detective Zarefoss's testimony. The detective was present at the start of the interview but apparently misremembered that he did not stay for the entire interrogation. Regardless, the jury heard the same testimony regarding appellant's admissions during the interview from Detective Quintana. As noted by the trial court, appellant had the opportunity to cross-examine and impeach the witnesses regarding the inconsistency but did not do so.

{¶ 66} Appellant contends that the state had an obligation to rectify the false testimony. The state accomplished this by presenting the testimony of Detective Quintana, who testified that Detective Zarefoss was not present for the entire interview. It is within the province of the jury whether to believe or disbelieve the detective's testimony. *State v. Smith*, 8th Dist. Cuyahoga No. 108415, 2020-Ohio-573, ¶ 22, citing *State v. Royal*, 8th Dist. Cuyahoga No. 93903, 2010-Ohio-5235, ¶ 22.

{¶ 67} We cannot say that Detective Zarefoss's misstatement resulted in material prejudice to appellant. His sixth assignment of error is therefore overruled.

## F. Merger

{¶ 68} In his fifth assignment of error, appellant argues that the trial court erred by failing to merge his two convictions for having weapons while under disability that arose from the same incident.

{¶ 69} Preliminarily, we note that appellant did not object to the merger at the time of sentencing, and thus we may only review for plain error. In the context of allied offenses of similar import, the Supreme Court of Ohio has held

> [a]n accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice.

*State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. "The law require[s] [the defendant] to demonstrate a reasonable probability that his convictions constituted allied offenses of similar import." *Id.* at ¶ 29.

> [A]bsent the accused's showing that there was a reasonable probability that the convictions are in fact for allied offenses of similar import committed with the same conduct and without a separate animus, "the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error."

*State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 25, quoting *Rogers* at ¶ 3.

{¶ 70} R.C. 2929.14(D)(1)(b) provides, "[a] court shall not impose more than one prison term on an offender under division (D)(1)(a) of this section for felonies committed as part of the same act or transaction." In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Supreme Court of Ohio created a two-part test to determine if offenses should merge. The first prong requires that the court determine if the multiple offenses "were committed by the same conduct." *Id.* at ¶ 47. The second prong is whether "it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one

without committing the other." (Emphasis deleted.) *Id*. at ¶ 48. If both of these questions are answered affirmatively, then the offenses should be merged.

> [I]f the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

(Emphasis deleted.) *Id*. at ¶ 51.

{¶ 71} The court later clarified that

> [a]s a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when a defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892 ¶ 31.

{¶ 72} In *State v. Rogers*, 2013-Ohio-3235, 994 N.E.2d 499 (8th Dist.), this court, en banc, held that the trial court has a duty to conduct an allied offense analysis when multiple charges facially present a question of merger under R.C. 2941.25. *Id*. at ¶ 27.

{¶ 73} Appellant argues that both convictions arose from the same act with no separate animus. Appellant was convicted under R.C. 2923.13(A)(2), which precludes anyone convicted of a felony of violence from acquiring, carrying, having, or using any firearm, and R.C. 2923.13(A)(1), which applies to anyone who is a fugitive from justice. Because there were two different provisions involved, the state contends that each charge had a separate animus.

{¶ 74} "'[The] animus of having a weapon under disability is making a conscious choice to possess a weapon.'" *State v. Brown*, 8th Dist. Cuyahoga No. 102549, 2015-Ohio-4764, ¶ 12, quoting *State v. Cowan*, 8th Dist. Cuyahoga No. 97877, 2012-Ohio-5723, ¶ 39. The state argues that appellant had this animus prior to the police ever approaching appellant's residence because he had a prior felony conviction and was already precluded from possessing a firearm. The state then contends that once appellant chose to hide from police when he was aware they were at his residence, he became a fugitive from justice, thereby having a separate animus that violated R.C. 2923.13(A)(1).

{¶ 75} While the state argues that appellant's possession of a firearm prior to police arriving at his residence constituted the crime of having weapons while under disability, the indictment states that the date of the offenses for the two charges was on or about January 26, 2021, which was the date the search warrant was executed. Accordingly, the offenses were arguably committed at the same time while appellant was both a person with a prior felony conviction and a fugitive from justice. Based on the facts of this matter, we find that the multiple charges facially present a question of merger and the trial court plainly erred by failing to conduct an allied offense analysis prior to sentencing appellant.

{¶ 76} Appellant's fifth assignment of error is sustained. This matter will be remanded to the trial court solely for a hearing on merger and for resentencing consistent with the requirements of R.C. 2941.25.

## G. Consecutive Sentences

{¶ 77} In his final assignment of error, appellant argues that the trial court erred in sentencing him to consecutive sentences. He contends that the court failed to make the requisite findings to support consecutive sentences under R.C. 2929.14(C)(4).

{¶ 78} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

{¶ 79} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender; (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public; and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the

courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 80} At the sentencing hearing, the court stated as follows:

Now, the Court imposes these prison terms as to each case consecutively, finding that the consecutive service is necessary to protect the public from future crimes or punish the Defendant, and the consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger Defendant posed to the public, and that the Defendant committed one or more of the multiple offenses while the Defendant was awaiting trial or sentencing or was under community control — he was under community control. We'll deal with those cases in just a moment — or under post-release control for a prior offense. I would just note Mr. Joseph was on community control in Cases 632039, 631035, 628036.

{¶ 81} The court reiterated the same findings in its sentencing entry.

{¶ 82} Appellant acknowledges that the court stated its findings under the statute, but he contends that it did not actually consider that he accepted responsibility and entered a guilty plea in the kidnapping case and that he was not the main offender in that incident.

{¶ 83} Conformity with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). To this end, a reviewing

court must be able to ascertain from the record evidence to support the trial court's findings. *Bonnell* at ¶ 29. "A trial court is not, however, required to state its reasons to support its findings, nor is it required to [recite verbatim] the statutory language, 'provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.'" *State v. Sheline*, 8th Dist. Cuyahoga No. 106649, 2019-Ohio-528, ¶ 176, quoting *Bonnell* at ¶ 37.

{¶ 84} The record reflects that the court made the requisite findings to support consecutive sentences in this matter. Appellant's seventh assignment of error is overruled.

### III. Conclusion

{¶ 85} The trial court did not err in denying appellant's motion to suppress or his motion for mistrial. Further, his convictions were not against the manifest weight of the evidence and there was sufficient evidence to support them. Appellant's counsel was not ineffective, and the court did not err in imposing consecutive sentences. Appellant's first, second, third, fourth, sixth, and seventh assignments of error are overruled.

{¶ 86} The trial court did err in failing to conduct an allied offense analysis for the having-weapons-while-under-disability charges prior to sentencing. Appellant's fifth assignment of error is sustained, and this matter is remanded to the trial court solely for a hearing on merger and for resentencing consistent with the requirements of R.C. 2941.25.

{¶ 87} Convictions affirmed; cause reversed in part and remanded to the lower court for resentencing consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR